IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| RODERICK JOSEPH TATE, | : | |
| Petitioner, | : | |
| vs. | : | Civil Action No. 1:17-cv-00162-CG-C |
| STATE OF ALABAMA, | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and S.D. Ala. Gen. L.R. 72(a)(2)(R), on Petitioner Roderick Joseph Tate's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("2254 petition"), (Doc. 1), which was filed on April 17, 2017. Respondent State of Alabama filed its Answer on August 14, 2017. (Doc. 7). For the reasons stated below, this undersigned recommends Petitioner's 2254 petition be **DENIED**.

## PROCEDURAL BACKGROUND

On April 9, 2013, after a bench trial, Tate was adjudicated guilty for failing to register a valid address with the Baldwin County Sheriff's Department, which was a violation of § 15-20A-007 of the Code of Alabama. (Doc. 7-2, at 11, 41, & 58; Doc. 7-4, at 16-17). Tate was sentenced to a two hundred forty (240) month, straight imprisonment. (Doc. 7-2, at 71-73). On

August 1, 2013, a Notice of Appeal to the Alabama Court of Criminal Appeals was filed, and Tate's trial counsel, Denise Baschab, Esquire, filed a motion to withdraw as Tate's counsel, which was granted. (Doc. 7-2, at 74 & 76-77). Lonnie Mikul, Esq., was appointed to represent Tate during his appeal. (Doc. 7-2, at 80). Mr. Mikul filed a no merit brief pursuant to *Anders v. State of California*, 386 U.S 738 (1967), and Tate filed a *pro se* brief with the Alabama Court of Criminal Appeals. (Doc. 7-6, at 2-21; Doc. 7-7, at 2-8). On June 6, 2014, the Alabama Court of Criminal Appeals affirmed the judgment of the trial court. (Doc. 7-8, at 2-4). On July 11, 2014, Tate's application for rehearing was overruled by the Alabama Court of Criminal Appeals, (Doc. 7-9, at 2), and on August 8, 2014, the Alabama Supreme Court denied his petition for writ of certiorari and the certificate of judgment was issued. (Doc. 7-10, at 2).

On December 19, 2014, Tate filed his Petition for Relief from Conviction or Sentence (Pursuant to Rule 32, Alabama Rules of Criminal Procedure) ("Rule 32 petition"), (Doc. 7-13, at 3 & 6-44), in which he argued his trial counsel was ineffective because his trial counsel failed to "effectively inform[ Tate] of his right to testify in his own defense;" failed to "present a defense witness," Jackie Reed, his sister; failed to take "appropriate measures to secure trial attendance of all persons alleged to have provided evidence against him" so he could "confront his accuser[s]," specifically Percy Jackson and Christopher James; and failed to "conduct[ ] a reasonable investigation

2

into [the Sex Offender Registration and Notification Act's] provisions," (Doc. 7-13, at 6-44). The Baldwin County Circuit Court granted Tate a hearing on his Rule 32 petition, which was held on June 17, 2015, (Doc. 7-13, at 81), and denied Tate's motion to appoint counsel to assist him at the hearing, (Doc. 7-13, at 67-68 & 72). The presiding judge denied Tate's Rule 32 petition and found Tate's trial counsel was not deficient, and Tate did not suffer prejudice from his trial counsel's alleged deficiencies. (Doc. 7-13, at 81). On September 2, 2015, Tate appealed the trial court's ruling on his Rule 32 petition to the Alabama Court of Criminal Appeals, (Doc. 7-13, at 96-97 & 99-100), which affirmed the judgment of the trial court by memorandum on February 12, 2016, (Doc. 7-16, at 2-8). Tate filed an application for rehearing that the Alabama Court of Criminal Appeals overruled on April 1, 2016. (Doc. 7-17, at 2). Finally, Tate filed a petition for writ of certiorari to the Alabama Supreme Court that was denied, (Doc. 7-18, at 2), and as a result, the Alabama Court of Criminal Appeals entered a certificate of judgment on August 12, 2016, (Doc. 7-19, at 2).

Tate filed the instant 2254 petition on February 24, 2017. (Doc. 1, at 21), *see Adams v. United States*, 173 F. 3d 1339, 1341 (11th Cir. 1999) ("A *pro se* prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to the prison authorities for mailing."), and, therefore, his 2254 petition is timely filed within the Antiterrorism and

3

Effective Death Penalty Act's ("AEDPA") one-year limitation period, *see* 28 U.S.C. § 2244(d)(1),[1] and is not successive.

## DISCUSSION

Tate claims his trial counsel provided ineffective assistance and in support thereof claims his trial counsel failed to inform him of his right to testify at trial and failed to call Jackie Reed, Tate's sister, as a defense witness at his trial, and the Baldwin County Circuit Court erroneously denied his request to appoint counsel for Tate's Rule 32 petition hearing to assist him to present his claim that he suffered from a mental disability. (Doc. 1).

For claims that were adjudicated on the merits by the state court, § 2254(d) of AEDPA restricts the issuance of habeas corpus to claims that

---

[1] 28 U.S.C. § 2244(d)(1) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or claims that "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

"A state-court decision will certainly be contrary to our clearly established precedent if the state court applied a rule that contradicts the governing law set forth in our cases." *Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000). "A state-court decision will be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Id.* at 406, 120 S. Ct. at 1519-20.

For Tate's claims of ineffective assistance of counsel, the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), controls. *See Williams*, 529 U.S. at 390, 120 S. Ct. at 1511 ("Williams contends that he was denied his constitutionally guaranteed right to the effective assistance of counsel when his trial lawyers failed to investigate and to present substantial mitigating evidence to the sentencing jury. . . . [T]he merits of his claim are squarely governed by our holding in *Strickland v. Washington*.").

5

> In order to establish a claim of ineffective assistance of counsel:
>
> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Six Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687, 104 S. Ct. at

To establish ineffectiveness, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2065. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "Where the highly deferential standards mandated by *Strickland* and AEDPA both apply, they combine to produce a doubly deferential form of review that asks only whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Terrell v. GDCP Warden*, 744 F.3d 1255, 1262 (11th Cir. 2014) (citations and internal quotation marks omitted).

As to Tate's first claim of ineffective assistance of counsel that his trial counsel failed to inform him of his right to choose whether to testify at trial, Tate does not offer any evidence to support his claim other than recitations of law and case law. (*See* Doc. 1). In the state habeas court's ruling on Tate's Rule 32 petition, it addressed Tate's claim and stated, "In the course of [Tate's hearing on his Rule 32 petition], [he] failed to call any witnesses, enter any exhibits, or offer any testimony for the Court's consideration," and "[t]erefore, the Court finds that [Tate's] trial counsel was not deficient and he suffered no prejudice from any alleged deficiencies." (Doc. 7-13, at 81). When the Alabama Court of Criminal Appeals addressed Tate's claim on appeal, its order stated:

> In the present case, Tate failed to meet his burden of proving that his counsel was ineffective. Tate was given an opportunity at the hearing to prove his ineffectiveness claims; however, Tate failed to present any witnesses, any affidavits or any other type of evidence to support his allegations. Tate's claim that his counsel failed to effectively inform him of his right to choose whether to testify at trial was refuted by an affidavit of Tate's trial counsel submitted by the State, in which counsel stated that she could say without a doubt that Tate understood that he had a right to choose whether he would testify and that it was his decision.

(Doc. 7-16, at 7). In the affidavit that Tate's trial counsel, Denise Baschab, swore to on January 6, 2015, she stated:

> [Tate] claims that I did not advise him of his right to testify, or not, or make sure that he understood same. While I do not have an independent recollection of advising Mr. Tate of his right to testify, it has been my practice during my nine years of criminal practice (after spending five years [as] a prosecutor) to advise my clients absolutely that they have the right to testify, or not

7

and that the decision is entirely theirs. I can say without a doubt that Mr. Tate understood this. In Mr. Tate's case, given his rather expansive criminal history and his somewhat irascible demeanor, I recall having serious misgivings about his testifying and hoped that he would choose to allow me to elicit the necessary facts on cross examination of the State's witnesses. I was able to accomplish this and the theory of his case was quite clear to the fact finder.

(Doc. 7-13, at 56).

Based on the evidence before the Court, Tate has not proven either prong of the *Strickland* standard; and, therefore, Tate has not shown, and the Court cannot determine, the state court's decision was contrary to, or involved an unreasonable application of, *Strickland*. Accordingly, Tate is not entitled to relief on his ineffective assistance of counsel claim that his trial counsel failed to inform him of his right to choose whether to testify at trial.

As to Tate's ineffective assistance of counsel claim that his trial counsel failed to call Jackie Reed, Tate's sister, as a defense witness at his trial, Tate, again, does not offer any evidence to support his claim other than recitations of law and case law. (*See* Doc. 1). In the state habeas court's ruling on Tate's Rule 32 petition, it cited how Tate had not submitted evidence, witness testimony, or exhibits to support his claim when it denied his Rule 32 petition. (Doc. 7-13, at 81). When the Alabama Court of Criminal Appeals addressed Tate's claim on appeal, its order stated, after it noted Tate failed present any evidence at the hearing on his Rule 32 petition:

> [I]n regard to Tate's claim that his counsel was ineffective for failing to call his sister to testify at trial on his behalf, Tate's trial counsel stated in her affidavit that she did not believe

8

> Reed's testimony would have been helpful to Tate's defense. The decision as to whether certain witnesses should be called is often a matter of trial strategy that should be left to the decision of the trial counsel. *Ex parte Arthur*, 711 So. 2d 1097, 1100 (Ala. 1997) ("It is not for this Court to second-guess trial tactics or strategy. *See United States v. Long*, 674 F.2d 848, 855 (11th Cir. 1982) (stating that appellate courts should not second-guess trial tactics such as decisions regarding which witnesses should be called to testify).").

(Doc. 7-16, at 7). In Denise Baschab's affidavit, she stated:

> [Tate] states that I was ineffective in not procuring the presence [of] Jackie Reed to trial by compulsory process. I have reviewed my file and also have independent recollection of [Tate] advising me that his sister, Jackie Reed, was a willing witness. It was my understanding that she was willing to come to court if necessary, thus obviating the need for a subpoena. Additionally, to the best of my recollection my contact with Jackie Reed led me to believe that her testimony would not be helpful to my client.

(Doc. 7-13, at 56).

Tate fails to show how his trial counsel's decision not to call Jackie Reed to testify at his trial prejudiced his defense. Tate fails to state what his sister would have said in her testimony or how her testimony would have affected the result of his trial; and, therefore, Tate has not shown, and the Court cannot determine, the state court's decision was contrary to, or involved an unreasonable application of, *Strickland*. Accordingly, Tate is not entitled to relief on his ineffective assistance of counsel claim that his trial counsel failed to call Jackie Reed as a defense witness at his trial.

Finally, as to Tate's claim that the Baldwin County Circuit Court erroneously denied his request to appoint counsel for his Rule 32 petition

9

hearing to assist him to present his claim that he suffered from a mental disability, "defects in state collateral proceedings do not provide a basis for habeas relief." *Carroll v. Sec'y, Dep't of Corr.*, 574 F.3d 1354, 1365 (11th Cir. 2009) (citations omitted). "The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment-*i.e.*, the conviction itself-and thus habeas relief is not an appropriate remedy." *Carroll*, 574 F.3d at 1365 (citing *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam)). Even if Tate's alleged defect in his state collateral proceeding provided a basis for habeas relief, "[t]here is no constitutional right to an attorney in State post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566, 115 L. Ed. 2d 640 (1991) (citations omitted); *see also Ex parte Cox*, 451 So. 2d 235, 237 (Ala. 1983) ("It is clear that Alabama law requires that indigent defendants who desire to appeal from their convictions be furnished counsel. [ALA. CODE] § 15-12-22(a)[-](b). On the other hand, there is no such requirement regarding post-conviction proceedings.")[2].

---

2   In proceedings filed in the district or circuit court involving the life and liberty of those charged with or convicted of serious criminal offenses including proceedings for habeas corpus or other post-conviction remedies, the trial or presiding judge or chief justice of the court in which the proceedings may be commenced or pending may appoint counsel through an indigent defense system approved by the office to represent and assist indigent defendants if it appears to the court that the indigent defendant is unable financially or otherwise to

Accordingly, Tate is not entitled to relief on his claim that the Baldwin County Circuit Court erroneously denied his request to appoint counsel for his Rule 32 petition hearing to assist him to present his claim that he suffered from a mental disability.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

---

> obtain the assistance of counsel and desires the assistance of counsel and it further appears that counsel is necessary in the opinion of the judge to assert or protect the right of the indigent defendant.

ALA. CODE § 15-12-23(a) (emphasis added).

would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Tate has not shown he was denied his constitutional right to the effective assistance of counsel because he has not offered evidence, other than bare allegations, to support his claim.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* Civil Action No. 11-0113-KD-C, 2011 WL 3241817, at *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010)

(providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends Petitioner Tate's 2254 petition, (Doc. 1), be **DENIED**. Tate is not entitled to a certificate of appealability, and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 27th day of June 2018.

    <u>s/WILLIAM E. CASSADY        </u>
**UNITED STATES MAGISTRATE JUDGE**